**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

---

**ANA GABRIELA SUAREZ-BANEGAS**,

   Petitioner,

   v.                                    Case No. 2:26-cv-02838-BCL-cgc

**CHRISTOPHER BULLOCK,**

   Respondent.

---

**ORDER GRANTING PETITION FOR WRIT OF HABEAS
CORPUS TO THE EXTENT OF REQUIRING BOND HEARING**

---

Petitioner Ana Gabriela Suarez-Banegas filed a Petition for Writ of Habeas Corpus in which she challenged her detention without a bond hearing pending the outcome of removal proceedings. Doc. 1. Respondent advised that *Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026) controls and while it may seek further appellate review of that decision, the Court should order that Petitioner be provided a custody redetermination hearing within ten days or be released if that does not occur. Doc. 8.

In Reply, Petitioner makes two broad arguments: *first*, that the Court should order her released straightaway, without proceedings before the immigration court (and, if necessary, Board of Immigration Appeals); and *second*, that the Court should order that that any bond hearing be conducted with "constitutionally adequate procedures." Doc. 10 at 4.  The Court addresses these two requests below.

**1.**      In light of the Sixth Circuit decision in *Lopez-Campos* and Respondent's agreement it requires a custody redetermination hearing in this case, the Court **ORDERS** that Respondent shall give Petitioner a bond hearing under 8 U.S.C. § 1226(a) within **ten** days of the date of this

order or, in the alternative, release her from custody. The Court grants this relief for two reasons. First, Section 1226—the controlling provision according to the Sixth Circuit—itself only guarantees a bond hearing; it does not guarantee release. *Lopez-Campos*, 175 F.4th at 713, 735 ("[O]ur understanding of § 1225(b)(2)(A)'s scope ensures that noncitizens like Petitioners should have a forum to explain that their backgrounds and connections to their communities justify release on bond while they undergo their removal proceedings. To hold otherwise would subject long-term law-abiding residents in the United States, such as Petitioners, to the hardship of mandatory detention without due process."). Petitioner has offered no persuasive justification for allowing her to obtain through the remedy of habeas something more than that to which he is entitled (according to the Sixth Circuit) under the governing law—that is, the chance to make her case for release at a bond hearing. *Second*, a bond hearing is in keeping with the principle of prudential exhaustion, in that it leaves it to the Executive Branch to make the call in the first instance, without the Judicial Branch jumping in to dictate the results before the Executive has had an opportunity to decide the issue under the framework the Sixth Circuit has now announced. *See Smith v. U.S. Sec. & Exch. Comm'n*, 178 F.4th 312, 325 (6th Cir. 2026) ("This rule is designed to afford the agency the opportunity to reconsider its position in the first instance, and to promote efficient litigation." (citing *Jones Bros., Inc. v. Sec'y of Lab.*, 898 F.3d 669, 673 (6th Cir. 2018))).

2.      The Court will not address Petitioner's additional, truncated request for an order requiring "constitutionally adequate procedures," which Petitioner has forfeited thrice over.

*First*, Petitioner apparently has not exhausted these arguments before the immigration court and BIA and has offered no reason why the prudential exhaustion requirement should be excused with respect to these arguments. *See Smith v. U.S. Sec. & Exch. Comm'n*, 178 F.4th 312, 325 (6th

Cir. 2026). For purposes of this proceeding, then, they are forfeit under the prudential exhaustion doctrine.

*Second*, Petitioner made no mention of this request in her petition, opting instead to spring the request on Respondent in a Reply, when Respondent cannot respond in the ordinary course of briefing. **As the Court has noted in at least three orders involving Petitioner's counsel (one of which was in fairness entered the same day on which she filed her reply), such litigation by ambush is improper and results in forfeiture.** *See* Order Denying Section 2241 Petition, Doc. 9, *Acevedo-Solis v. Bullock*, No. 26-02816 (W.D. Tenn. July 20, 2026) ("This is at least the second time Petitioner's counsel has proceeded in this fashion; five days before counsel filed Petitioner's Reply, the Court concluded that another of counsel's clients had waived his arguments in favor of immediate release by reserving them until Reply."); *Murillo Moran v. Bullock*, 2026 WL 1998625, at *1 (W.D. Tenn. 2026) ("**And counsel, in this case and similar cases, are again reminded of the impropriety of reserving arguments for a reply brief and that one potential consequence of doing so, among others, is the rejection of those arguments on grounds of forfeiture**."); *accord Cadena Torres v. Bullock*, 2026 WL 1974680, at *1 n.1 (W.D. Tenn. 2026). If counsel wishes to raise such claims on behalf of future litigants, they should present them in the Petition.

*Third*, Petitioner has wholly failed to develop these claims, even in raising them late in Reply. Petitioner argues that the Government "*should bear the burden* of proving by clear and convincing evidence that continued detention is necessary," offering only unexplained citations and a sentence completing the circular argument that "[a] contrary rule would *improperly place on the detainee the burden* of disproving detention after the Government has already relied on the wrong statutory basis for custody." Doc. 10 at 4 (emphasis added). Petitioner has forfeited the

3

claim by omitting any reasoned legal argument concerning why the law imposes Petitioner's requested burden on the Government. And Petitioner does not even identify the other procedures she claims should be required. By making her arguments so perfunctorily, Petitioner has forfeited them. *See Ohio Telecom Assoc'n v. FCC*, 150 F.4th 694, 722 n.14 (6th Cir. 2025).

## CONCLUSION

Plaintiff's Petition for Writ of Habeas Corpus is **GRANTED** to the extent that the Court **ORDERS** Respondents to provide Petitioner with a custody redetermination hearing within **ten days** of the date of this order or, in the alternative, release from custody.

**IT IS SO ORDERED**, this 21st day of July 2026.

s/ *Brian C. Lea*

BRIAN C. LEA
UNITED STATES DISTRICT JUDGE

4